Clayeo C. Arnold, SBN 65070
JOSHUA H. WATSON, SBN 238058
CLAYEO C. ARNOLD, APC
865 Howe Avenue
Sacramento, CA 95825
Telephone: (916) 777-7777
Facsimile: (916) 924-1829
Email: jwatson@justice4you.com

*Attorneys for Plaintiff*
*Anna Svanyuta*

U.S. DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNA SVANYUTA,<br><br>     Plaintiff,<br><br>     vs.<br><br>OUT OF BOUNDS BREWING COMPANY, LLC,<br><br>     Defendant. | Case No.:<br><br>COMPLAINT FOR DAMAGES AND INJUNCTION<br><br>*Collective/Representative Claims:*<br><br>1. FLSA - Minimum Wage [29 U.S.C. § 206]<br>2. California Representative PAGA Claim Re Meal Breaks, Rest Breaks, Paystubs [Cal. Labor Code § 2698, et seq.]<br><br>*Individual Claims*<br><br>3. Failure to Provide Compliant Paystubs [Cal. Labor Code § 226(e)]<br>4. Failure to Produce Payroll Records [Cal Labor Code §226(c)]<br>5. Failure to Produce Personnel Records [Cal Labor Code §1198.5(c)]<br>6. Failure to Pay Premiums for Missed Breaks [Cal. IWC Wage Order 5]<br>7. Wrongful Termination in Violation of Public Policy<br>8. Intentional Tort: Attempted Extortion<br><br>***Jury Trial Demanded*** |

1

COMPLAINT

Comes now Plaintiff ANNA SVANYUTA, who alleges and complains as follows on information and belief, and who prays for relief from the Court.

### PARTIES

1. Defendant OUT OF BOUNDS BREWING COMPANY, LLC (hereafter "OUT OF BOUNDS") is a California Limited Liability Company whose primary place of business is in Rocklin, located within Placer County.

2. Plaintiff ANNA SVANYUTA (hereafter "PLAINTIFF") is an adult individual residing in California. At all times relevant to this Complaint, PLAINTIFF was an employee of OUT OF BOUNDS.

### JURISDICTION AND VENUE

3. Subject Matter Jurisdiction: Plaintiff brings a claim under the Fair Labor Standards Act, 29 U.S.C. § 206.

4. Supplemental Jurisdiction: Plaintiff brings claims under state law which are transactionally related to the claims above in that they arise from the same course of employment between PLAINTIFF and OUT OF BOUNDS.

5. Personal Jurisdiction: OUT OF BOUNDS is a business entity in California whose principal office is located in Rocklin, CA, a city in Placer County.

6. Venue: PLAINTIFF was employed by OUT OF BOUNDS at its location in Rocklin, CA.

7. Plaintiff has exhausted all applicable administrative remedies giving sufficient prelitigation notice of Private Attorney General Claims under the Labor Code to OUT OF BOUNDS and the Labor Workforce and Development Agency (hereafter "LWDA") without any intervention or action by LWDA occurring.

### GENERAL FACTUAL ALLEGATIONS

A. Wage & Hour Allegations

8. OUT OF BOUNDS operates a beer brewery with tasting room. It also provides guided tours to its customers.

9. PLAINTFF was employed by OUT OF BOUNDS for about one year between 2019 and

2020.

10. PLAINTIFF's employment with OUT OF BOUNDS ended in March of 2020 when she was terminated by OUT OF BOUNDS.

11. PLAINTIFF's work duties included serving customers in the tasting room, cleaning, and giving tours of the brewery.

12. PLAINTIFF was employed by OUT OF BOUNDS as a non-exempt employee, and as such was paid an hourly wage.

13. PLAINTIFF was not within any exception for minimum wage rules under either federal or state law.

14. OUT OF BOUNDS has previously received legal complaints from one or more employees that it has violated wage and hour laws.

15. Following receipt of such complaints, OUT OF BOUNDS took steps to ensure that its records reflected compliance with meal break rules under applicable wage and hour laws.

16. OUT OF BOUNDS did not actually fully comply with meal break rules under applicable wage and hour laws.  Instead, when business was busy OUT OF BOUNDS required and/or allowed employees to clock out for their scheduled breaks and then required and/or allowed employees to continue working through lunch, thereafter clocking back in.  OUT OF BOUNDS did not pay employees for such work during lunch when they were clocked out.

17. PLAINTIFF suffered the course of conduct above at least about once per pay period throughout her employment with OUT OF BOUNDS such that each pay period has at least 30 minutes of uncompensated work throughout her period of employment.

18. PLAINTIFF was not provided all rest breaks and meal breaks as required by the California Labor Code, and was not paid premiums for such missed breaks.

B. Refusal to Produce Employment Records Allegations.

19. PLAINTIFF requested her employment records twice. She made the first request herself. She issued the second request through counsel in a letter sent by certified mail.  OUT OF BOUNDS did not provide her employment records at any time, and more than 21 days

has passed since each such requests.  (In fact, months have passed since each request, and no production of any such kind has been made or offered by OUT OF BOUNDS.)

C. Extortion Allegations

20. OUT OF BOUNDS attempted to extort PLAINTIFF in connection with terminating her.

21. California Penal Code § 518 defines extortion in pertinent part as follows:

> Extortion is the obtaining of … consideration from another, with his or her consent, … induced by a wrongful use … fear.
>
> For purposes of this chapter, 'consideration' means anything of value…

22. California Penal Code § 519 defines "fear" in pertinent part as follows:

> Fear, such as will constitute extortion, may be induced by a threat of any of the following:  …
>
> > 2. To accuse the individual threatened … of a crime.
> >
> > 3. To expose, or to impute to … her … a … disgrace, or crime.

23. California Penal Code § 524 discusses the crime of attempted extortion in pertinent part as follows:

> Every person who attempts, by means of any threat, such as is specified in Section 519 of this code, to extort … consideration from another is punishable by imprisonment in the county jail not longer than one year or in the state prison or by fine not exceeding ten thousand dollars ($10,000), or by both such fine and imprisonment.

24. When PLAINTIFF was terminated by OUT OF BOUNDS, her manager stated that PLAINTIFF could either quit voluntarily or the manager would terminate her for stealing from the company and give her a bad reference for theft from the company.

25. PLAINTIFF did not steal from the company.  The accusation was false, and the manager and OUT OF BOUNDS knew that the accusation was false at all relevant times, including when it was made.

26. In so-acting, PLAINTIFF's manager was acting in the course and scope of her employment, with the knowledge and ratification of OUT OF BOUNDS.

27. In so-acting, OUT OF BOUNDS attempted to extort PLAINTIFF, as reflected by but not necessarily limited to the following:

   a. Since PLAINTIFF was an at-will employee, OUT OF BOUNDS had the right to terminate her without cause.  However, if OUT OF BOUNDS did so, PLAINITFF would be entitled to unemployment insurance from the California Employment Development Department (hereafter "EDD").

   b. EDD charges a tax to employers to pay for unemployment insurance benefits. The tax for any given employer increases based on the number of former employees who make an EDD unemployment insurance claim such that it is to the economic advantage of an employer that its former employees do not seek such benefits.  *See, e.g.,* *https://edd.ca.gov/pdf_pub_ctr/de8714b.pdf* ["The UI program is financed by employers who pay unemployment taxes on up to $7,000 in wages paid to each worker. The actual tax rate varies for each employer, depending in part on the amount of UI benefits paid to former employees. Thus, the UI tax works much like any other insurance premium. An employer may earn a lower tax rate when fewer claims are made on the employer's account by former employees."]

   c. OUT OF BOUNDS told PLAINTIFF that if she did not consent to giving up her right to EDD benefits, she would be accused of a crime, and that the accusation would be repeated to her future potential employers via a bad reference.  In this way, OUT OF BOUNDS sought to use fear of a criminal accusation and disgrace to force PLAINTIFF to provide the consideration (defined as anything of value) of waiving her EDD benefits.  This is the crime of attempted extortion, which may be charged as either a misdemeanor or felony.  Cal. Penal Code § 524.

28. When PLAINTIFF did not immediately submit to the attempted extortion, OUT OF BOUNDS terminated PLAINTIFF.

*29.* PLAINTIFF thereafter applied for unemployment benefits from EDD, and OUT OF BOUNDS made good on its threat by contending that PLAINTIFF had stolen from the

company.  However, following a recorded administrative proceeding in which PLAINTIFF's manager was examined under oath, EDD determined that PLAINTIFF had not engaged in misconduct and was entitled to benefits.  (This paragraph is not intended to allege misrepresentations to EDD as a basis of liability since Cal. Civil Code § 47 makes statements in a quasi-judicial proceeding privileged with respect to defamation.  However, the fact that OUT OF BOUNDS took action in furtherance of the threat is independently relevant to establishing that the initial attempted-crime occurred.  Plaintiff does not allege defamation or any other tort arising from the EDD proceedings.  *See, Central Valley Hospitalists v. Dignity Health* (2018) 19 Cal.App.5th 203 [disclaimer stating liability not based on privileged speech was sufficient to preclude Anti-SLAPP motion on that basis].)

*30.* Under California law, civil extortion may occur within the context of a termination of employment.  *See, e.g., Galeotti v. International Union of Operating Engineers Local No. 3,* 48 Cal.App.5th 850 (2020) ["[W]e conclude that a threat to terminate employment can provide a basis for an extortion claim."]

D. Tolling of Statute of Limitations re State Law Claims

31. With respect to state law claims, in response to the public health issues related to the novel coronavirus/COVID-19 public health orders, Emergency Rule of Court 6 provides:

> (a) Notwithstanding any other law, the statutes of limitations and repose for civil causes of action that exceed 180 days are tolled from April 6, 2020, until October 1, 2020.

> (b) Notwithstanding any other law, the statutes of limitations and repose for civil causes of action that are 180 days or less are tolled from April 6, 2020, until August 3, 2020.

32. Since all the California state law actions alleged herein have a statute of limitation of more than 180 days, the State statute of limitations for each is tolled for the 178 day period of para 31(a) above.

33. The PAGA matter alleged herein is subject to a one-year statute of limitations.  The

statute is tolled for the 65 days during the administrative complaint process. *See,* Cal. Lab. Code §2699.3 (d).

34. The administrative PAGA complaint in this matter was filed and served December 3, 2020.  This period was after the pandemic tolling period, such that the two sets of tolling rules ran sequentially and not concurrently.

35. Due to tolling for the PAGA administrative remedies period and the California pandemic tolling, the statute of limitations for PAGA claims in this matter is extended by 245 days.

36. PLAINTIFF'S employment with OUT OF BOUNDS ended on or about March 3, 2020.

37. The date of March 3, 2021 is one year after PLAINTIFF's termination.

38. The date of May 7, 2021 is 65 days after the one-year anniversary of PLAINTIFF's termination such that it is the last day a PAGA claim could be filed for PLAINTIFF's employment with OUT OF BOUNDS under the one year statute for PAGA, tolled for the Cal. Labor Code's administrative remedies period.

39. The date of November 1, 2021 is 178 days after the "regular" PAGA filing deadline above, and is last day a PAGA claim could be filed for PLAINTIFF's employment with OUT OF BOUNDS when accounting for California's pandemic tolling.

40. Since this Complaint is filed on/about April 19, 2021, 196 days remain on the statute of limitations period for PAGA claims, such that the relevant period for PLAINTIFF's PAGA claims in this matter is for the last 196 days of her employment.  Given her termination date, the relevant time period for PAGA claims in this matter is about August 20, 2019 to March 3, 2020.

41. Pled in the alternative, if the California pandemic tolling period was not applied to the PAGA clams in this matter:  Since this Complaint is filed on/about April 19, 2021, about 18 days would remain on the statute of limitations for PAGA claims in this matter such that the relevant time period for PAGA claims would be about February 14, 2020 to March 3, 2020.

**FIRST COUNT**

**FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF**

**FAIR LABOR STANDARDS ACTION 29 U.S.C. § 206**

**BY PLAINTIFF AND SIMILARLY SITUATED EMPLOYEES**

**AGAINST OUT OF BOUNDS**

42. PLAINTIFF incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

43. OUT OF BOUNDS failed to pay PLAINTIFF minimum wage for all hours worked for OUT OF BOUNDS.

44. PLAINTIFF prays for payment of all such wages due, interest on such wages, penalties, liquidated damages, attorney-fees, and costs of litigation and such other relief as the court may see fit to award.

45. PLAINTIFF seeks recovery for OUT OF BOUNDS' conduct for three years preceding the filing of the Complaint in this matter because OUT OF BOUNDS' conduct was a willful evasion of FLSA as reflected by the intentional nature of evasion methods (such as requiring/permitting employees to clock out and return work immediately for lunch) and because such conduct continued despite prior complaints by employees against OUT OF BOUNDS for wage and hour violations.

    a. If the two-year FLSA period applies, the relevant period for violations is April 19, 2019 to March 3, 2020.

    b. If the three-year FLSA statutory period applies, the relevant period for violations is the duration of PLAINTIFF's employment by OUT OF BOUNDS.

46. As to this Count, the term "PLAINTIFF" refers to and applies to each similarly situated employee who may join this matter via an FLSA collective action.

**SECOND COUNT**

**CALIFORNIA LABOR CODE PRIVATE ATTORNEY GENERALS ACT CLAIMS**

**(Cal. Labor Code § 2698, et seq.)**

**BY PLAINTIFF AS CALIFORNIA REPRESENTATIVE**

**AGAINST OUT OF BOUNDS**

47. PLAINTIFF incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

48. In violation of Cal. Labor Code §§ 226.7, 512, OUT OF BOUNDS failed to provide PLAINTIFF and similarly situated employees with meal and rest breaks on all shifts as required by statute and relevant wage order.  OUT OF BOUNDS failed to pay premiums/penalties/wages as required on account of missed breaks and lunches.

49. In violation of Cal. Labor Code § 226, OUT OF BOUNDS failed to provide PLAINTIFF and similarly situated employees with pay stubs including accurate statements of all the items required by this statute, including but not limited to a factually correct statement of the total hours worked, gross wages, net wages, and related deductions information. OUT OF BOUNDS did not take corrective action to provide compliant paystubs to PLAINTIFF and similarly situated employees during the administrative complaint period, nor at any time thereafter.

50. The forgoing violates the relevant California Wage Order (No. 5) in violation of Cal. Labor Code § 1198.

51. This count is brought by PLAINTIFF pursuant to the California Private Attorneys General Act, Cal. Labor Code § 2698, et seq.  PLAINTIFF seeks all civil penalties applicable to herself and those similarly situated as to each violation alleged herein; this includes "civil penalties" as referenced in *ZB, N.A. v. Superior Court* (2019) 8 Cal. 5th 175.  25% of such penalties are to be paid, pro rata, to PLAINTIFF and similarly situated employees.  75% of such penalties are to be paid to the State of California.

52. PLAINTIFF seeks an award of attorney's fees and costs for this count pursuant to code.

**THIRD COUNT**

**VIOLATION OF CAL. LABOR CODE § 226(e)**

**BY PLAINTIFF AGAINST OUT OF BOUNDS**

53. PLAINTIFF incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

54. OUT OF BOUNDS' failure to provide wage statements/pay stubs in compliance with Cal. Labor Code § 226 was at all relevant times knowing and intentional.

55. PLAINTIFF suffered injury as a direct and proximate result of such conduct by OUT OF BOUNDS.

56. PLAINTIFF seeks the greater of actual damages or $50 for the initial pay period and $100 for each subsequent pay period in which she was not provided with a compliant wage statement/paystub.

57. PLAINTIFF seeks attorney's fees and costs for this count pursuant to code.

58. This count is subject to a one-year statute of limitations period as a California-law statutory penalty claim independent of PAGA, tolled according to California pandemic orders such that the claim covers the period of one year and 178 days before the filing of this Complaint up to the date of PLAINTIFF's termination, which is about October 24, 2019 to March 3, 2020.

**FOURTH COUNT**

**VIOLATION OF CAL. LABOR CODE § 226(c)**

**BY PLAINTIFF AGAINST OUT OF BOUNDS**

59. PLAINTIFF incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

60. OUT OF BOUNDS failed to provide a copy of PLAINTIFF's wage statement/paystubs and records of specific hours worked within 21 days of the date on which PLAINITFF requested such on two separate occasions despite the obligation to do so pursuant to Cal. Labor Code § 226(c).

61. The most recent request was issued on December 3, 2020.

COMPLAINT

62. Pursuant to Cal. Labor Code § 226(f), PLAINTIFF seeks a statutory/civil penalty of $750 from OUT OF BOUNDS.

63. Pursuant to Cal. Labor Code § 226(h) PLAINTIFF seeks an order/injunction that OUT OF BOUNDS produce her wage statements/paystubs and records of specific hours worked and seeks an award of costs and reasonable attorney fees pursuant to code.

## FIFTH COUNT

## VIOLATION OF CAL. LABOR CODE § 1198.5(c)

## BY PLAINTIFF AGAINST OUT OF BOUNDS

64. PLAINTIFF incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

65. OUT OF BOUNDS failed to provide a copy of PLAINTIFF's personnel records within 21 days of the date on which PLAINITFF requested such on two separate occasions despite the obligation to do so pursuant to Cal. Labor Code § 1198.5(c).

66. The most recent request was issued on December 3, 2020.

67. Pursuant to Cal. Labor Code § 1198.5(k), PLAINTIFF seeks a statutory/civil penalty of $750 from OUT OF BOUNDS.

68. Pursuant to Cal. Labor Code § 1198.5(l), PLAINTIFF seeks an order/injunction that OUT OF BOUNDS produce her wage statements/paystubs and seeks an award of costs and reasonable attorney fees pursuant to code.

## SIXTH COUNT

## FAILURE TO PAY PREMIUMS FOR MISSED REST AND MEAL BREAKS

## CAL. IWC WAGE ORDER 5

## BY PLAINTIFF AGAINST OUT OF BOUNDS

69. PLAINTIFF incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

70. As drinking establishment open to the public OUT OF BOUNDS falls under California IWC Wage Order No. 5, located at: https://www.dir.ca.gov/IWC/IWCArticle05.pdf

71. Section 11(B) of Cal. IWC Wage Order No. 5 (and related law) required OUT OF

BOUNDS to pay PLAINTIFF one hour of wages as a premium for each day in which she was entitled to a meal break but did not receive one.

72. Section 12(B) of Cal. IWC Wage Order No. 5 (and related law) required OUT OF BOUNDS to pay PLAINTIFF one hour of wages as a premium for each day in which she was entitled to a net 10 minute rest break but did not receive the opportunity to take one.

73. On many occasions PLAINTIFF did not receive her meal break.

74. On many occasions PLAINTIFF did not receive an opportunity to take her rest break.

75. OUT OF BOUNDS did not pay all such premiums due, or any such premiums.

76. The duty to pay premiums as stated in this count also arises by statute under Cal. Labor Code, including but not necessarily limited to §226.7

<u>**SEVENTH COUNT**</u>

<u>**WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**</u>

<u>**CAL. CIVIL JURY INSTR. NO. 2430**</u>

<u>**BY PLAINTIFF AGAINST OUT OF BOUNDS**</u>

77. PLAINTIFF incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

78. At all relevant times PLAINTIFF was employed by OUT OF BOUNDS.

79. OUT OF BOUNDS discharged PLAINTIFF from employment.

80. OUT OF BOUNDS, through the conduct of its manager as alleged herein, attempted to extort PLAINTIFF into voluntarily quitting in violation of the California Penal Code, including but not necessarily limited to sections 518, 519, and 524.  These statutes reflect important public policies of the State of California.

81. Because PLAINTIFF did not immediately submit to the attempt by OUT OF BOUNDS to extort her, OUT OF BOUNDS terminated her employment.

82. A substantial motivating reason for PLAINTIFF's termination was her resistance to the attempted extortion.

83. PLAINTIFF suffered harm and attendant damages as a direct and proximate result of this course of the termination.

**EIGHTH COUNT**

**INTENTIONAL TORT: ATTEMPTED EXTORTION**

**CAL. CIVIL JURY INSTR. NO. 2430**

**BY PLAINTIFF AGAINST OUT OF BOUNDS**

84. PLAINTIFF incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

85. OUT OF BOUNDS attempted to force PLAINTIFF to voluntarily quit, thereby giving up her right to EDD benefits to be paid in part via taxes assessed to OUT OF BOUNDS.

86. OUT OF BOUNDS used threats to accuse PLAINTIFF of a crime, theft, to others, including but not necessarily limited to future potential employers who called for references.

87. An accusation of employee's theft from an employer is both a crime and a disgrace that, regardless of whether it is true, can leave a permanent and severe impact on an employee's status in society and ability to obtain future employment.

88. PLAINTIFF suffered harm and attendant damages as a direct and proximate result of the attempted extortion.

89. The conduct by OUT OF BOUNDS was vile, base, and contemptible such that it would be looked down on and despised by reasonable people.

90. The conduct by OUT OF BOUNDS was done with a willful and knowing disregard of the rights or safety of PLAINTIFF.

91. Plaintiff seeks compensatory damages, punitive damages, and costs of litigation as to this count.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray judgment against Defendants, DOES 1 to 20, and each of them, as hereinafter follows:

    1.      For economic damages;

    2.      For non-economic damages;

    3.      For civil and statutory penalties;

4.      For punitive damages as to Counts 6 and 7;

5.      For attorney's fees as permitted by statute;

6.      For costs of suit;

7.      For damages, penalties, liquidated damages, premiums, and wages provided for by the FLSA and/or Cal. Labor Code.

8.      For an order requiring OUT OF BOUNDS to produce PLAINTIFF's employment related records as set out in this Complaint and awarding PLAINTIFF reasonable fees and costs for efforts to obtain such records regardless of the outcome of the other matters alleged herein;

9.      For orders as required to conditionally certify a collective FLSA matter, allow joinder by similarly situated employees, and approve any related settlement or distributions for PLAINTIFF and any other parties who may join this matter;

10.     For approval of any PAGA settlement pursuant to Cal. Labor Code § 2699(l);

11.     For such other and further relief as the court deems proper.

In keeping with federal pleading rules requiring a stated sum-certain, Plaintiff sets forth a specific prayer for $750,000 for damages, plus attorney's fees and costs, understanding that this amount will be adjusted according to proof by the finder of fact.

Dated: April 17, 2021                    CLAYEO C. ARNOLD, PC


                              By:    /s/ Joshua H. Watson
                                     Joshua H. Watson
                                     *Counsel for Plaintiff*
                                     *Anna Svanyuta*

COMPLAINT

## **DEMAND FOR JURY TRIAL**

Plaintiff demands jury trial.

Dated: April 17, 2021                    CLAYEO C. ARNOLD, PC


By:   /s/ Joshua H. Watson
      Joshua H. Watson
      *Counsel for Plaintiff*
      *Anna Svanyuta*

COMPLAINT

### PLAINTIFF CONSENT FORM

1. I consent to make a claim under the Fair Labor Standards Act, 29 U.S.C. § 201, <u>et seq.</u> against my current/former employer named below, and any other related entities or affiliates (herein after collectively referred as "Defendants").   I authorize my attorneys to attach this consent form to any related complaint filed on my behalf, or as may otherwise be appropriate.

2. This consent form relates to my employment associated with <u>Out of Bounds Brewery</u>.

3. I am informed and believe that during my employment, which was within the past three years, there were occasions when I did not receive proper compensation for all of my hours worked.

4. My claims include, but are necessary limited to the following:

   <u>I was required to work through lunch breaks without compensation.  At times, I was required to clock out for lunch but continue working.  I was to then clock back in after lunch.  I was not paid for that time spent working off the clock.</u>

5. I expressly consent to be a party to a claim or lawsuit filed as a collective action. If this action does not proceed collectively, then I also consent to join any subsequent or other action to assert these claims against Defendants and any other related entities or affiliates.

Date   04 / 16 / 2021
_____

Signature   _____

Anne Svanyuta